Slip Op. 17-19

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AN GIANG FISHERIES IMPORT AND EXPORT JOINT STOCK COMPANY ET AL., <br><br>   Plaintiffs and Consolidated Plaintiff, <br><br>v. <br><br>UNITED STATES, <br><br>   Defendant, <br><br>and <br><br>CATFISH FARMERS OF AMERICA ET AL., <br><br>   Defendant-Intervenors and Consolidated Defendant-Intervenors | Before: Claire R. Kelly, Judge <br><br>Consol. Court No. 16-00072 |

## OPINION AND ORDER

[Denying Plaintiff An Giang Fisheries Import and Export Joint Stock Company et al.'s motion to amend an order granting a statutory injunction.]

Dated: February 24, 2017

Matthew Jon McConkey, Mayer Brown LLP, of Washington DC, for plaintiffs.

Andrew Brehm Schroth, Andrew Thomas Schutz, Dharmendra Narain Choudhary, and Ned Herman Marshak, Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP, of Washington, DC and New York, NY for consolidated plaintiff.

Kara Marie Westercamp, Trial Attorney, Commercial Litigation Branch – Civil Division, U.S. Department of Justice, of Washington DC for Defendant. With her on the brief were Chad A. Readler, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director. Of Counsel on the brief was Nanda Srikantaiah, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce.

Nazakhtar Nikakhtar and Jonathan Mario Zielinski, Cassidy Levy Kent (USA) LLP, of Washington, DC for defendant-intervenors.

Kelly, Judge: This matter is before the court on the motion of Plaintiffs, An Giang Fisheries Import and Export Joint Stock Company, International Development and Investment Corporation, Thuan An Production Trading and Services Co., Ltd., and Viet Phu Foods and Fish Corporation (collectively "Movants"), to amend the statutory injunction issued by the court to include entries of subject merchandise that the United States Department of Commerce ("the Department" or "Commerce") ordered to be liquidated and which U.S. Customs and Border Protection ("CBP") actually liquidated prior to the statutory injunction taking effect.[1] See Mot. Am. Prelim. Inj., Feb. 1, 2017, ECF No. 34 ("Am. PI Mot.");[2] see generally Consent Mot. Prelim. Inj., May 19, 2016, ECF No. 10 ("PI Consent Mot."); Order, May 20, 2016, ECF No. 12 ("Statutory Inj."). Consolidated Plaintiff, Can Tho Import-Export Joint Stock Company, consents to Movants' motion. Id. at 2. Defendant and Defendant-Intervenors, Catfish Farmers of America, America's Catch, Alabama Catfish Inc., Heartland Catfish Company, Magnolia Processing, Inc., and Simmons Farm Raised Catfish, Inc., object to Movants' motion, arguing that Movants are not entitled to a preliminary injunction because they have not demonstrated likelihood of success on the merits, irreparable harm, that the balance of the hardships favors granting a preliminary injunction for the entries that have already liquidated, or that the public interest favors granting a preliminary injunction for the entries that have already

---

[1] Although Movants label their motion as a motion to amend a previously issued injunction, Plaintiffs are in effect asking the court to issue a preliminary injunction to prevent the liquidation of entries that have in fact already liquidated. See Mot. Am. Prelim. Inj. 2, Feb. 1, 2017, ECF No. 34. Movants argue in support of their motion as if it were a motion for a preliminary injunction and Defendant and Defendant-Intervenors respond to it as such. Id. at 3–6.

[2] Plaintiffs C.P. Vietnam Corporation, GODACO Seafood Joint Stock Company, and Seafood Joint Stock Company No. 4 – Branch Dong Tam Fisheries Processing Company appear to take no position on the motion. See Am. PI Mot. 2.

liquidated.  See Def.'s Resp. Opp'n Pls.' Mot. Am. Prelim. Inj. 4–11, Feb. 21, 2017, ECF No. 35 ("Def.'s Resp. Br."); Opp'n Pls.' Mot. Am. Prelim. Inj. 1–2, Feb. 21, 2017, ECF No. 36.  For the reasons that follow, the court denies Movants' motion to amend the statutory injunction already granted in this case to include entries that have already liquidated or alternatively to grant a preliminary injunction for the entries that have already liquidated.

## BACKGROUND

On March 21, 2016, Commerce issued its final results in the eleventh administrative review of the antidumping duty order concerning certain frozen fish fillets from the Socialist Republic of Vietnam ("Vietnam"), covering fish fillets from Vietnam entered during the period August 1, 2013 through July 31, 2014.  See Certain Frozen Fish Fillets From the Socialist Republic of Vietnam, 81 Fed. Reg. 17,435 (Dep't Commerce Mar. 29, 2016) (final results and partial rescission of the antidumping duty administrative review; 2013–2014) ("Final Results").  Those results were published on March 29, 2016.  See id.  In its final results, Commerce informed all interested parties that "[it] intends to issue appropriate assessment instructions directly to [U.S. Customs & Border Protection ("CBP")] 15 days after the publication of the final results of this administrative review."  Id. at 17,436.  On April 15, 2016, Commerce issued liquidation instructions directing CBP to assess antidumping duties, consistent with its Final Results, on all subject entries entered or withdrawn from warehouse for consumption during the period of August 1, 2013 through July 31, 2014.  See Commerce Message No. 6106301, available at http://adcvd.cbp.dhs.gov/adcvdweb/ad_cvd_msgs/21174.pdf?tabindex=0 (last visited Feb. 24, 2017) ("Liquidation Instructions").

Plaintiffs commenced this action on April 28, 2016 challenging various aspects of Commerce's final determination in the eleventh administrative review of the antidumping duty order concerning certain frozen fish fillets from Vietnam. <u>See</u> Summons, Apr. 28, 2016, ECF No. 1. On May 19, 2016, Plaintiffs filed a complaint in this action. <u>See</u> Compl., May 19, 2016, ECF No. 9 ("Compl."). The same day, Plaintiffs filed a consent motion seeking to enjoin CBP from liquidating entries that remain unliquidated as of 5:00 p.m. on the date the order is entered. <u>See</u> Consent Mot. Prelim. Inj. Proposed Order at 2, May 19, 2016, ECF No. 10 ("PI Consent Mot."); Order, May 20, 2016, ECF No. 12 ("PI Consent Mot.").

On May 20, 2016, the court granted Plaintiffs' consent motion and issued a statutory injunction.[3] <u>See</u> Statutory Inj. The court ordered that "Defendant, together with its delegates and all other officers, agents, servants and employees of Commerce and CBP are enjoined from liquidating or causing or permitting liquidation of any and all unliquidated entries" of subject merchandise exported by Movants that were entered or withdrawn from warehouse for consumption on or after August 1, 2013 through July 31, 2014 and remain unliquidated as of 5:00 p.m. on May 20, 2016. <u>Id.</u> No party contests that certain entries exported by Movants were liquidated by CBP prior to Plaintiffs filing

---

[3] Plaintiffs' May 20, 2016 motion requested a "preliminary injunction." <u>See</u> PI Consent Mot. 2–3. Parties frequently use the term "preliminary injunction" to refer to a motion to prevent liquidation for the purposes of preserving judicial review. Plaintiffs' motion explicitly referenced this statutory justification as supporting its motion for a preliminary injunction. <u>See id.</u> at 2. The statute permits the Court to grant an injunction to preserve the parties' claims challenging Commerce's antidumping duty determinations. <u>See</u> Section 516A(c)(2) of the Tariff Act of 1930, as amended 19 U.S.C. § 1516a(c)(2). Because this is an injunction that is contemplated by statute, the court called its order a "statutory injunction" to distinguish it from a preliminary injunction granted under the court's equitable powers.

their complaint and obtaining an injunction against liquidation. Am. PI Mot. 2; Def.'s Resp. Br. 2.

## JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction pursuant to Section 516A of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(iii) (2012),[4] and 28 U.S.C. § 1581(c) (2012), which together grant the Court authority to review actions contesting the final determination in an administrative review of an antidumping duty order. See 19 U.S.C. § 1516a(a)(2)(B)(iii); 28 U.S.C. § 1581(c) (2012).

USCIT Rule 65 permits the court to issue a preliminary injunction on notice to the adverse party. USCIT R. 65(a). To obtain the extraordinary relief of a preliminary injunction, the Plaintiff must establish that (1) it is likely to suffer irreparable harm without a preliminary injunction, (2) it is likely to succeed on the merits, (3) the balance of the equities favors the Plaintiff, and (4) the injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Zenith Radio Corp. v. United States, 710 F.2d 806, 809 (Fed.Cir. 1983). In reviewing these factors, "no one factor, taken individually," is dispositive. Ugine & ALZ Belg. v. United States, 452 F.3d 1289, 1292 (Fed. Cir. 2006) (internal citations omitted); FMC Corp. v. United States, 3 F.3d 424, 427 (Fed.Cir.1993). However, each factor need not be given equal weight. See Ugine & ALZ Belg., 452 F.3d at 1293; Nken v. Holder, 556 U.S. 418, 434 (2009). Likelihood of success on the merits and irreparable harm are generally considered the most significant factors

---

[4] Further citations to the Tariff Act of 1930, as amended, are to the relevant provisions of Title 19 of the U.S. Code, 2012 edition.

in evaluating a motion for injunctive relief. See Nken v. Holder, 556 U.S. at 434; Amazon.com, Inc. v. Barnesandnoble.com, Inc., 239 F.3d 1343, 1350 (Fed. Cir. 2001).

## DISCUSSION

### I. Likelihood of Success on the Merits

Movants do not actually provide any legal basis to obtain relief from liquidation. Rather, Movants ask the court to "exercise its discretion and modify the preliminary injunction" to give it retroactive effect. Am. PI Mot. 4. Movants concede that liquidation ordinarily moots a party's claims pertaining to liquidated entries in an action brought pursuant to 19 U.S.C. § 1516a. See id. However, they argue that amending the preliminary injunction is warranted to allow the preliminary injunction to accomplish the intended goal of the parties. Id. Defendant counters that Movants cannot succeed on the merits because the liquidated entries are moot with respect to the duty rate to be applied to them. Def.'s Resp. Br. 5. Defendant further argues that Movants' only further recourse is to protest liquidation and challenge any potential denied protest, which cannot be challenged through an action brought under 19 U.S.C. § 1516a and 28 U.S.C. § 1581(c) (2012). Id.

During an administrative review, liquidation of entries under review is suspended. See 19 U.S.C. § 1673b(d). After the publication of the final results, the statute provides that entries of merchandise covered by an antidumping duty order shall be liquidated in accordance with Commerce's final determination if they are entered, or withdrawn from warehouse, for consumption on or before the date of publication of a notice of a decision in the Federal Register unless such liquidation is enjoined by the Court pursuant to 19

U.S.C. § 1516a(c)(2).  19 U.S.C. § 1516a(c)(1); Int'l Trading Co. v. United States, 281 F.3d 1268, 1272 (2002).  The Court of Appeals for the Federal Circuit has held that, in the absence of such an injunction, liquidation of entries subject to antidumping duties renders judicial review of the antidumping duties due on those entries unavailable.  See Zenith Radio, 710 F.2d at 810.  In Zenith Radio, the Court of Appeals for the Federal Circuit inferred that judicial review is unavailable for liquidated entries in part from the absence of any statutory provision allowing for reliquidation if a challenge to the antidumping duty rate is successful.  See id.; see also Agro Dutch Indus. Ltd., v. United States, 589 F.3d 1187, 1190 (2009) (characterizing Zenith's holding as inferred from the absence of any statutory provision allowing subsequent reliquidation if a challenge is successful).

      Here, Movants do not argue that Commerce exceeded its statutory authority to order liquidation of the entries in question either because liquidation was suspended pursuant to statute or because insufficient time had elapsed after publication of the Final Results.  See Am. PI Mot. 4.  Approximately 51 days passed between the date that Commerce published its final results and the date that Plaintiffs filed their consent motion for a preliminary injunction.  See Final Results, 81 Fed. Reg. 17,435; PI Consent Mot.  Given that the entries in question have liquidated, Movants' claims as to the dumping margin assessed on the liquidated entries are mooted, and there is no case or controversy concerning the duty rate assessed on those entries.  See Zenith Radio, 710 F.2d at 810.  Moreover, Plaintiffs' consent motion specifically requested that liquidation be enjoined only on entries entering after 5:00 p.m. on the day the preliminary injunction is entered.

Consol. Court No. 16-00072                                                                                          Page 8

See id. at 5.  Movants concede that the entries in question were liquidated well before 5:00 p.m. on May 20, 2016, which is the date the statutory injunction took effect.  See Am. PI Mot. 2; Statutory Inj. 2.

Movants suggest that the court should exercise its discretion to amend the injunction to reach entries that have already liquidated because it is necessary to accomplish the intended goal of the injunctive orders.  Am. PI Mot. 4 (citing Agro Dutch Indus., 589 F.3d at 1192; Clearon Corp. v. United States, 34 CIT 970, 972, 717 F. Supp. 2d 1366, 1368 (2010)).  Further, Movants imply that the requested preliminary injunction here was intended by the court and the parties to prevent liquidation of all subject entries that were entered or withdrawn from warehouse, for consumption during the period of review.  See id.

Movants' claim that the intended goal of the preliminary injunction was to prevent liquidation of all subject entries within the period of review is belied by the request in Plaintiffs' motion, which sought a preliminary injunction only for entries that remain unliquidated as of 5:00 p.m. on the date the statutory injunction is entered, and by the terms of the court's statutory injunction order itself reflecting those terms.  See PI Consent Mot. 5; Statutory Inj.  Movants cite no authority for the court to retroactively apply a statutory injunction where there is no evidence that the parties meant for the injunction to cover the entries in question or where the court had no such intent.[5]  Likewise, Movants

---

[5] In Agro Dutch Indus., 589 F.3d at 1192–93, the Court of Appeals for the Federal Circuit held that the Court could exercise its discretion to order reliquidation of entries that were liquidated during the five-day grace period given by the court to prevent contempt against government officials for inadvertent liquidation.  Agro Dutch Indus., 589 F.3d at 1192–93.  The court reasoned that the

(footnote continued)

cite no authority for applying a statutory injunction for entries that were not covered by the injunction and were liquidated before the statutory injunction took effect.[6]

## II. Irreparable Harm

Movants rely upon the notion that liquidation of their entries would render judicial review of the antidumping duties assessed on those entries moot to support their claim that failure to amend the statutory injunction issued by the court would cause them to suffer irreparable harm. See Am. PI Mot. 4–5. Defendant's respond that Movants are not irreparably harmed by the liquidation of their entries because the liquidation of the entries can be challenged under 28 U.S.C. § 1581(a). Def.'s Resp. Br. 9.

Among the criteria a plaintiff seeking a preliminary injunction must establish is that it is likely to suffer irreparable harm in the absence of preliminary relief. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). An injunction is improper in these circumstances because it is not necessary to prevent irreparable harm. The irreparable harm occurred already as a result of Movants' failure to seek a statutory injunction to prevent liquidation. There is no other harm to prevent. Liquidation renders a challenge

---

injunction's grace period was "not intended to give the government free rein to liquidate the subject entries before the injunction took effect." Id. at 1193. Here, Movants do not allege that the entries were liquidated during the grace period they requested in Plaintiffs' consent motion, nor do they provide any other basis to support their suggestion that the parties or the court intended for the statutory injunction to apply to entries liquidated prior to the date the injunction took effect. See Am. PI Mot. 4.

[6] In Clearon, the court used its equitable powers to reliquidate entries where deemed liquidation took place after the injunction took effect because plaintiffs had inadvertently failed to serve the injunction on the correct party, which resulted in liquidation of those entries. Clearon, 34 CIT at 978, 717 F. Supp. 2d at 1372. Here, Movants do not allege that liquidation occurred on entries after the statutory injunction took effect. The logic of Clearon does not empower the court to reliquidate entries that liquidated prior to the entry of the statutory injunction and that were not covered by the terms of that injunction.

to the antidumping duty rate assessed on those entries moot, as already discussed. See Zenith Radio, 710 F.2d at 810.

### III. Balance of the Hardships

Movants argue that failure to amend the statutory injunction would cause significant harm by denying them the right to pursue their challenge to the antidumping duties assessed on already liquidated entries. See Am. PI Mot. 3–4; see also PI Consent Mot. 4–5. Defendant does not argue that reliquidating Movants' entries would itself cause harm, but rather claims that Commerce lacks authority to reliquidate those entries. Def.'s Resp. Br. 10–11.

Balancing the hardships requires the court to balance the equities. Winter, 555 U.S. at 20. Here, it was within Movants' power to avoid the risks they now face. Where, as here, a party fails to act in a timely fashion to prevent liquidation of certain entries during a time that it could have prevented liquidation, the balance of the equities cannot tip in favor of amending the preliminary injunction.

### IV. Public Interest

Movants contend that the public interest is served by ensuring that Commerce follows the applicable law and regulations in a manner that allows it to conduct fair and impartial administrative reviews. See Am. PI Mot. 3–4; PI Consent Mot. 4. Defendant responds that the uniform and fair enforcement of the trade laws favors allowing Movants to pursue their remedy through the administrative and statutory procedures in place by protesting liquidation and challenging its denied protest in the event that CBP denies such protest. See Def.'s Resp. Br. 10.

Here, the uniform and fair enforcement of the trade laws favors denying Movants' request to amend the statutory injunction because the statute lays out clear paths to ensure judicial review of entries subject to an administrative review. During an administrative review, parties are protected from liquidation of entries because liquidation is suspended during the review. See 19 U.S.C. § 1673b(d). After the publication of the final results, the statute provides that:

> [u]nless such liquidation is enjoined by the [C]ourt [pursuant to 19 U.S.C. § 1516a(c)(2)], entries of merchandise of the character covered by a determination of [Commerce] contested under [the section permitting review of Commerce's antidumping duty determinations] shall be liquidated in accordance with [Commerce's] determination . . . if they are entered, or withdrawn from warehouse, for consumption on or before the date of publication of a notice of a decision in the Federal Register by the [Court] or by the United States Court of Appeals for the Federal Circuit, not in harmony with Commerce's determination.

19 U.S.C. § 1516a(c)(1); see also Int'l Trading Co., 281 F.3d at 1272. Absent extraordinary circumstances, parties should be required to follow reasonable procedures and policies that ensure fair and uniform enforcement of the antidumping laws. To allow otherwise would arbitrarily favor some parties and cause confusion about when and whether a party must move for a statutory injunction following the publication of final results in an antidumping duty administrative review.

Movants also argue that amending the injunction would serve the interests of judicial economy by avoiding "unnecessary litigation . . . on an issue that an amended preliminary injunction order can readily address now." Am. PI Mot. 5. However, this litigation, which is for judicial review under 28 U.S.C. § 1581(c) (2012), reviews Commerce's antidumping duty determination, not the propriety of CBP's determination to liquidate pursuant to Commerce's instructions or Commerce's decision to issue the

instructions.  See Compl. ¶¶ 19–36.  Those determinations frequently stem from different facts and have different legal justifications.  Whether or not it is the most efficient use of judicial resources, Congress has set out distinct statutory bases for reviewing these two types of determinations as well as distinct jurisdictional grounds for judicial review of such determinations.  See 19 U.S.C. §§ 1514, 1516a; 28 U.S.C. §§ 1581(a),(c) (2012).

## **CONCLUSION**

Movants fail to make a sufficient showing on any of the factors to warrant granting their motion to amend the statutory injunction previously granted or grant a preliminary injunction with respect to entries already liquidated.

Therefore, upon consideration of Movants' amended motion for a preliminary injunction, Defendant's response thereto, and all other papers and proceedings in this action, and upon due deliberation, it is hereby

**ORDERED** that Movants' motion for an amended preliminary injunction is denied.

/s/ Claire R. Kelly
Claire R. Kelly, Judge

Dated: February 24, 2017
      New York, New York