Slip Op. 18-118

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AN GIANG FISHERIES IMPORT AND EXPORT JOINT STOCK COMPANY ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> CATFISH FARMERS OF AMERICA ET AL., <br><br> Defendant-Intervenors. | Before: Claire R. Kelly, Judge <br><br> Court No. 16-00072 |

## OPINION

[Sustaining the U.S. Department of Commerce's remand redetermination in the eleventh antidumping duty administrative review of certain frozen fish fillets from the Socialist Republic of Vietnam.]

Dated: September 12, 2018

Matthew Jon McConkey, Mayer Brown LLP, of Washington, DC, for plaintiffs An Giang Fisheries Import and Export Joint Stock Company; Cuu Long Fish Joint Stock Company; C.P. Vietnam Corporation; GODACO Seafood Joint Stock Company; International Development and Investment Corporation; Seafood Joint Stock Company No. 4 - Branch Dong Tam Fisheries Processing Company; Thuan An Production Trading and Services Co., Ltd.; and Viet Phu Foods and Fish Corporation.

Kara Marie Westercamp, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant. With her on the brief were Chad A. Readler, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director. Of counsel on the brief was Kristen McCannon, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

James R. Cannon, Jr. and Jonathan Mario Zielinski, Cassidy Levy Kent (USA) LLP, of Washington, DC, for defendant-intervenors Catfish Farmers of America; America's Catch; Alabama Catfish Inc. d/b/a Harvest Select Catfish, Inc.; Heartland Catfish Company; Magnolia Processing, Inc. d/b/a Pride of the Pond; and Simmons Farm Raised Catfish, Inc.

Kelly, Judge: Before the court is the U.S. Department of Commerce's ("Department" or "Commerce") remand redetermination filed pursuant to the court's order in An Giang Fisheries Import and Export Joint Stock Company v. United States, 42 CIT __, 287 F. Supp. 3d 1361 (2018) ("An Giang I"). See Final Results of Redetermination Pursuant to An Giang Fisheries Import and Export Joint Stock Company, et al. v. United States, Court No. 16-00072, Slip Op. 18-10, May 31, 2018, ECF No. 104 ("Remand Results"); see also An Giang I, 42 CIT at __, 287 F. Supp. 3d at 1380–81.

In An Giang I, the court remanded for further explanation or reconsideration Commerce's decision to adjust the denominator and not the numerator when calculating Hung Vuong Group's ("HVG") farming factors of production in the final determination in the eleventh antidumping duty ("ADD") administrative review of certain frozen fish filets from the Socialist Republic of Vietnam ("Vietnam"). See An Giang I, 42 CIT at __, 287 F. Supp. 3d at 1371–72, 1380–81; see also Certain Frozen Fish Fillets From [Vietnam], 81 Fed. Reg. 17,435 (Dep't Commerce Mar. 29, 2016) (final results and partial rescission of [ADD] administrative review; 2013–2014) ("Final Results") and accompanying Certain Frozen Fish Fillets from [Vietnam]: Issues and Decision Memorandum for the Final Results of the Eleventh [ADD] Administrative Review; 2013–2014, A-552-801, (Mar. 18, 2016), ECF No. 20-3 ("Final Decision Memo"); see generally Certain Frozen Fish Fillets From [Vietnam], 68 Fed. Reg. 47,909 (Dep't Commerce Aug. 12, 2003) (notice of [ADD] order).

On remand, Commerce explains that although it intended to first divide the farming factors of production ("FOP") by the amount of harvested whole live fish and then apply the shank equivalent conversation factor, for the Final Results it reversed the calculations, making it appear that Commerce had incorrectly applied the shank equivalent conversion factor. See Remand Results at 6 (citing Final Results Analysis Memo for An Giang Fisheries Import and Export Joint Stock Company and the [HVG] at Attach. 5, CD 386, bar code 3451921-01 (Mar. 18, 2016) ("Final Analysis Memo")). Commerce contends that on remand it applied the calculations as it had originally intended and that the resulting farming FOP amounts remain the same. See id. at 4, 6–7. For the following reasons, Commerce has complied with the court's remand order in An Giang I, Commerce's determination is in accordance with law and supported by substantial evidence, and the court sustains the Remand Results.

## BACKGROUND

The court assumes familiarity with the facts of this case as discussed in the prior opinion, see An Giang I, 42 CIT at __, 287 F. Supp. 3d 1361, 1365–66, and here restates the facts relevant to the court's review of the Remand Results. In the eleventh administrative review, Commerce reviewed mandatory respondents HVG and Thuan An Production Trading and Services Co., Ltd. ("TAFISHCO"). See Selection of Respondents for Indiv. Review at 1, 4–7, PD 33, bar code 3240494-01 (Nov. 7, 2014); Second Selection of Respondent for Individual Review, PD 67, bar code 3244597-01 (Dec. 1, 2014) (explaining that review of the Vinh Hoan Corporation is rescinded and that in its stead

Commerce selects TAFISHCO as a mandatory respondent).[1]  Pertinent here, in the final determination, Commerce applied facts otherwise available to calculate HVG's farming FOPs, which were reported on a subject merchandise basis.  See Final Decision Memo at 16–17.

In An Giang I, the court sustained in part and remanded in part Commerce's determination in the eleventh administrative review of the subject merchandise.[2]  See An Giang I, 42 CIT at __, 287 F. Supp. 3d at 1380–81.  The court remanded Commerce's calculation of HVG's farming FOPs.  See id.  The court determined that Commerce failed to explain why it did not adjust the numerator of HVG's farming FOPs, that were reported on a whole live fish harvested basis, by "shank equivalent conversion factor," as it did for the denominator.  Id., 42 CIT at __, 287 F. Supp. 3d at 1370–71.  However, the court sustained Commerce's reliance on facts otherwise available to calculate HVG's farming FOPs.  See id., 42 CIT at __, 287 F. Supp. 3d at 1371.

Commerce filed the Remand Results on May 31, 2018.  Plaintiffs, An Giang Fisheries Import and Export Joint Stock Company, Cuu Long Fish Joint Stock Company, C.P. Vietnam Corporation, GODACO Seafood Joint Stock Company, International

---

[1] On July 5, 2016, Defendant submitted indices to the public and confidential administrative records, which can be located on the docket at ECF Nos. 20-4–5. On June 14, 2018, Defendant submitted indices to the public and confidential administrative records to the remand portion of these proceedings. The indices to the remand redetermination are located on the docket at ECF Nos. 105-2–3. All further references to administrative record documents are identified by the numbers assigned by Commerce in these indices, unless otherwise specified.

[2] Specifically, in An Giang I the court sustained Commerce's application of facts otherwise available to HVG and TAFISHCO, see An Giang I, 42 CIT at __, 287 F. Supp. 3d 1367–71, and Commerce's application of partial facts otherwise available with an adverse inference to TAFISHCO. See id., 42 CIT at __, 287 F. Supp. 3d at 1372–74. Further, the court also sustained Commerce's surrogate value selections for fish feed, fingerlings, water, fish waste by-product, and packing tape. See id., 42 CIT at __, 287 F. Supp. 3d at 1374–80.

Development and Investment Corporation, Seafood Joint Stock Company No. 4 - Branch Dong Tam Fisheries Processing Company, Thuan An Production Trading and Services Co., Ltd., and Viet Phu Foods and Fish Corporation, did not file comments on the draft remand results with Commerce and did not file comment on the Remand Results with the Court. Defendant-Intervenors, Catfish Farmers of America; America's Catch, Alabama Catfish Inc., Heartland Catfish Company, Magnolia Processing, Inc., and Simmons Farm Raised Catfish, Inc., were the only party to comment on the draft remand results and the final Remand Results, and indicate that they agree with Commerce's redetermination. See Def.-Intervenors' Comments on Remand Redetermination, July 2, 2018, ECF No. 108; see also Remand Results at 7–8. No party challenges the Remand Results.

## JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction pursuant to section 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(iii) (2012) and 28 U.S.C. § 1581(c) (2012). Commerce's antidumping determinations must be in accordance with law and supported by substantial evidence. 19 U.S.C. § 1516a(b)(1)(B)(i) (2012). "The results of a redetermination pursuant to court remand are also reviewed 'for compliance with the court's remand order.'" Xinjiamei Furniture (Zhangzhou) Co. v. United States, 38 CIT __, __, 968 F. Supp. 2d 1255, 1259 (2014) (quoting Nakornthai Strip Mill Public Co. v. United States, 32 CIT 1272, 1274, 587 F. Supp. 2d 1303, 1306 (2008)).

## DISCUSSION

In An Giang I, the court remanded for further explanation or reconsideration Commerce's calculation of HVG's farming FOPs. See An Giang I, 42 CIT at __, 287 F. Supp. 3d at 1371–72. Specifically, the court determined that although Commerce's

decision to rely on facts otherwise available was in accordance with law and supported by substantial evidence, Commerce did not explain why in calculating HVG's farming FOPs it only applied the "shank equivalent" conversation factor to the denominator and did not make a parallel adjustment to the numerator.  See id.  For the following reasons, Commerce's Remand Results are sustained.

In the final determination, Commerce relied on data prepared by tollers as facts otherwise available to calculate HVG's farming FOPs.  See Final Decision Memo at 16–17.  The data provided by tollers was on a subject merchandise or shank basis, while HVG's data was on a whole live fish harvested basis.  Id.  Accordingly, and because Commerce's standard practice is to allocate FOPs over the total quantity of the subject merchandise, Commerce explained that it needed to convert HVG's data.  Id.

On remand, Commerce explains that it applied the math sequence in the Final Results in the reverse order than it intended.  Remand Results at 6.  Specifically, for the Final Results, Commerce explains that it first converted HVG's denominator, which was based on whole live fish harvested, by what Commerce called the "shank equivalent conversion factor." Id. (citing Final Analysis Memo at Attach. 5).  The resulting amount was then used as the denominator over which Commerce divided the farming FOPs from all farming activities of HVG, Agifish, and Europe JSC.  See id.; Final Analysis Memo at Attach. 5.  In the remand redetermination, Commerce explains that applying the mathematical sequence in this order "makes it appear as if Commerce adjusted only the

denominator and not the numerator."[3] Remand Results at 6. By contrast, for the Remand Results, Commerce explains that it first divided the farming FOP numerators "by the reported production quantity of harvested whole live fish." Id. (citing Draft Remand Analysis Memo at Attach. I, Remand CD 1, bar code 3705319-01 (May 10, 2018) (referring to column labeled "Step 1") ("Draft Remand Analysis Memo")). Commerce then multiplied the resulting farming FOPs by the shank equivalent conversion factor so they would be on the same basis as the U.S. price. Id. (citing Draft Remand Analysis Memo at Attach. I (referring to the column labeled "Step 2")). As a result, the farming FOPs are now on the same subject merchandise or shank basis as the processing FOPs. Commerce notes, however, that the correction to the order in which the math sequence was applied did not change the resultant farming FOPs, as calculated in the Final Results. See id. at 7 (citing Final Analysis Memo at Attach. 5; Draft Remand Analysis Memo at Attach. I).

---

[3] In actuality, Commerce has two articulations of the same formula. The formula in the Final Results can be expressed as A/(B divided by E), with "A" representing the farming FOP numerator, "B" the harvested whole live fish denominator, and "E" the shank equivalent conversion factor. The formula, as articulated in the Final Results, first reduced the harvested whole live fish denominator by dividing it by the shank equivalent conversion factor, as to convert the harvested whole live fish to its shank equivalent. See Final Analysis Memo at Attach. 5. Commerce then divided the farming FOP numerator by a denominator that was already reduced because it had been divided by the shank equivalent conversion factor. See id. In the Remand Results, Commerce achieved the same numerical result, but with more steps. First, Commerce established a ratio of farming FOP to harvested whole live fish, expressed as A/B. See Draft Remand Analysis Memo at Attach. I (referring to column labeled "Step 1"). In that ratio, the farming FOP numerator is divided by the harvested whole live fish denominator. The resulting amount is then multiplied by the shank equivalent conversion factor (E). See id. (referring to column labeled "Step 2"). The two articulations of the formula used in the Final Results and the Remand Results, side by side, are: A/(B divided by E) and (A/B) x E. Dividing a number by a fraction is the same as multiplying it by the inverse of the fraction. Therefore, both equations yield the same result because A x (E/B) = (A/B) x E.

On remand, Commerce complied with the court's order in <u>An Giang I</u>, and its explanation is in accordance with law and supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, the <u>Remand Results</u> comply with the court's order in <u>An Giang I</u>, are in accordance with law and supported by substantial evidence, and are therefore sustained. Judgment will enter accordingly.

      /s/ Claire R. Kelly  
Claire R. Kelly, Judge

Dated: September 12, 2018  
      New York, New York